IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECRETARY OF LABOR HILDA SOLIS, UNITED STATES DEPARTMENT OF LABOR,<br><br>              Petitioner,<br><br>vs.<br><br>CSG WORKFORCE PARTNERS, LLC., et al.,<br><br>              Respondents. | ORDER AND MEMORANDUM DECISION<br><br><br><br>Case No. 2:11-CV-903-TC |

       This case is a proceeding filed by the United States Department of Labor ("Secretary") to enforce an administrative subpoena against the Respondents ("CSG") under the Fair Labor Standards Act (FLSA). CSG filed a Motion to Dismiss or in the Alternative to Stay enforcement of the subpoena pending resolution of a parallel proceeding in CSG Workforce Partners LLC v. Watson, Case No. 2:11-CV-834-TS (D. Utah), in which CSG challenged the Secretary's authority to issue and enforce the subpoena. (See ECF No. 11.)

       After the court issued an order to show cause why the subpoena should not be enforced in this proceeding, CSG challenged the Secretary's authority under FLSA in this proceeding as well. In its motion to dismiss, CSG contended that this court lacks subject matter jurisdiction and that the Secretary's petition fails to state a claim upon which relief can be granted because "the individuals targeted by [the Secretary's] underlying Compliance Review are not employees under the [FLSA] and therefore [the Secretary] has no authority to issue the administrative

subpoena" at issue here. (ECF No. 11 at 2.)  After the parties submitted briefs and were heard by United States Magistrate Judge David Nuffer under a "B" referral,[1] the court adopted the magistrate judge's two Reports and Recommendations (R&R's)[2] as the order of this court and denied CSG's motion.  (See Feb. 1, 2012 Order (ECF No. 27).)

CSG appealed the February 1, 2012 Order to the Tenth Circuit Court of Appeals, and now it seeks a stay from this court of that order pending resolution of the appeal.  Specifically, CSG has filed a Motion for Stay of this Court's Order or Injunctive Relief Pending Appeal (ECF No. 28). For the reasons set forth below, CSG's motion to stay is DENIED.

**Standard For Granting Stay**

The court must consider four factors when determining whether to stay a judgment during an appeal of that judgment.  The factors are "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest." Federal Trade Comm'n v. Mainstream Mktg. Servs., Inc., 345 F.3d 850, 852 (10th Cir. 2003).  See also, e.g., Resolution Trust Corp. v. Burke, 874 F. Supp. 23, 24 (D.D.C. 1995) (applying same standard at district court level).

**Analysis**

1. Likelihood of Success on Appeal

The Secretary, charged with enforcing the FLSA, has broad investigative authority, and is vested with authority to investigate and gather data regarding wages, hours, and other conditions

---

[1] See 28 U.S.C. § 636(b)(1)(B).

[2] ECF Nos. 19 and 24.

and practices of employment in order to determine whether any person has violated any provision of the FLSA or which may aid in the enforcement of the FLSA.[3]  Under section 9 of the FLSA, the Secretary may issue a subpoena to require the production of documentary evidence relating to any matter under investigation. 29 U.S.C. § 209.[4]

Administrative subpoena power enables a federal agency to carry out its duty to conduct investigations to determine if violations of the law have occurred.  Oklahoma Press Publ'g Co. v. Walling, 327 U.S. 186, 201 (1946).  To obtain judicial enforcement of its administrative subpoena, the Secretary must show that its inquiry is: (1) not too indefinite; (2) reasonably relevant to an investigation which the agency has authority to conduct, and (3) that all administrative prerequisites have been met.  See SEC v. Blackfoot Bituminous, Inc., 622 F.2d 512, 514 (10th Cir. 1980) (citing United States v. Morton Salt, 338 U.S. 632 (1950)).  "'The showing of reasonable cause required to support an application for enforcement of a subpoena duces tecum 'is satisfied . . . by the court's determination that the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the

---

[3]Section 11(a) of the FLSA, 29 U.S.C. § 211(a) provides in relevant part as follows:

> The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter.

[4]29 U.S.C. § 209 makes the provisions of sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49-50, applicable to the Secretary's powers to conduct investigations under the FLSA. 15 U.S.C. § 49 provides for the issuance of subpoenas to obtain documentary evidence and enforcement of the subpoena in district court.

inquiry." EEOC v. Peat, Marwick, Mitchell & Co., 775 F.2d 928, 930 (8th Cir. 1985). The Secretary met this burden, as both the Magistrate Judge and the court found,[5] and the court enforced the Secretary's subpoena.

After the Secretary satisfied her initial burden of proof, CSG had the burden to show cause why it should not be compelled to comply with the subpoena. The argument CSG raised—that CSG's partners are not employees under the FLSA—is not a topic to be considered during summary proceeding to enforce the administrative subpoena. See EEOC v. Dillon Companies, Inc., 310 F.3d 1271, 1277 (10th Cir. 2002) (the Tenth Circuit will not "either encourage or allow an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial."). CSG's proposition assumes a fact that is disputed by the Secretary, who has the initial duty to make such a finding. "Congress has authorized the Administrator, rather than the District Courts in the first instance, to determine the question of coverage in the preliminary investigation of possibly existing violations; in doing so to exercise his subpoena power for securing evidence upon that question." Oklahoma Press, 327 U.S. at 214. See also EEOC v. Peat, Marwick, Mitchell & Co., 775 F.2d 928, 930 (8th Cir. 1985) ("The initial determination of the coverage question is left to

---

[5]CSG contends that the Magistrate made no substantive findings and essentially "rubber-stamped" the Secretary's subpoena because "he did not see that he had any other alternative but to grant the petition." (Respondents' Objections to Magistrate's Report & Recommendation (ECF No. 22) at 2.) CSG also contends that it was "disallowed" the opportunity to present any reasons why the subpoena should not be enforced and that the Magistrate's approach "makes a mockery of the judicial system." (Id.) The court disagrees. The Magistrate specifically found that the Secretary "carried its burden to enforce the Subpoena" by establishing through pleadings and affidavits that the subpoena was not indefinite, that it was reasonably related to the investigation, and that administrative prerequisites were met. (Nov. 2, 2011 R&R (ECF No. 19) at 2.)

the administrative agency seeking enforcement of the subpoena.").

> It is well-settled that a subpoena enforcement proceeding is not the proper forum in which to litigate the question of coverage under a particular federal statute. This question, reserved for initial determination by the administrative agency seeking judicial enforcement of its subpoena cannot be resolved before the agency has had an opportunity to examine the relevant records. Thus, in a subpoena enforcement action, the agency cannot be required to demonstrate that the very matter or entity it seeks to investigate under its statutory investigatory powers is covered by the enabling statute since the "[a]uthority to investigate the existence of violations . . . include[s] the authority to investigate coverage."

Donovan v. Shaw, 668 F.2d 985, 989 (8th Cir. 1982) (internal citations and quotation marks omitted).

CSG apparently argues that because it complied with the Secretary's initial request for evidence regarding coverage, it is not required to disclose anything further until the Secretary issues a definitive ruling (with, apparently, court approval of the Secretary's decision) on coverage. In other words, CSG seems to contend that the Secretary does not have the authority to investigate liability under FLSA until it has formally announced and supported its coverage decision on the merits. Case law does not endorse the piecemeal approach CSG advocates. See Peat Marwick, 775 F.2d at 930-31 (holding that agency is not required to show that partners may in fact be employees under the ADEA before seeking information about whether the statute has been violated).

> Administrative agencies vested with investigatory power have broad discretion to require the disclosure of information concerning matters within their jurisdiction. See, e.g., United States v. Morton Salt Co., 338 U.S. 632, 642-43 (1950) (agency could compel the production of information even if action was a "fishing expedition"); Endicott Johnson v. Perkins, 317 U.S. 501-509 (1943) (district court must enforce administrative subpoena unless the evidence sought was "plainly incompetent or irrelevant to any legal purpose" of the agency).

Phillips Petroleum Co. v. Lujan, 951 F.2d 257, 260 (10th Cir. 1991). Here, the subject being

investigated is within the Secretary's jurisdiction under the FLSA and the information sought is not "plainly incompetent." CSG's reasoning that the information is not "relevant" unless an overtime violation exists (see Reply (ECF No. 36) at 4) is circular and begs the very question the Secretary is obligated to investigate under the statute. Because CSG may not interject questions of statutory coverage into a summary subpoena enforcement proceeding, its likelihood of success on appeal is low.

    2.    <u>Irreparable Harm</u>

CSG maintains that if it provides its client list to the Secretary that its business will be jeopardized because the clients will no longer want to do business with CSG for fear of a potential finding of joint employer status. CSG's claim of harm is dependent on an ongoing business concern in the construction industry. But the record shows that the CSG entities are no longer licensed to do business in Utah as contractors. Under the Utah Construction Trades Licensing Act, Utah Code Ann. §§ 58-55-101 to -604 (West 2011), contractors are required to maintain a license. This is incongruent with any current or prospective harm to CSG's business operations in Utah.

Moreover, although CSG presents evidence that its business has been damaged by the Secretary's investigation, the evidence shows that any damage to customer relations began when the Secretary initiated its investigation two years ago, not when the Secretary issued the subpoena last fall. (See Aff. of Cory Atkinson (ECF No. 36-1) ¶ 5.) Although CSG's concerns are legitimate, the consequences of the Secretary's investigation are not due to the administrative subpoena or the court's order enforcing it. And Mr. Atkinson's conclusion that CSG will lose its customers and so need to dissolve because the Secretary is seeking client information (see id. ¶ 6)

is too uncertain to override the fact that CSG's likelihood of success on appeal is low.

CSG also contends that its appeal will become moot if the Court's order enforcing Petitioner's subpoena is not stayed. This is not accurate; courts have held that, under similar circumstances, the information turned over in compliance with the subpoena can be returned if the appeal is successful. See FTC v. Tarriff, 584 F.3d 1088, 1090 n.1 (D.C. Cir. 2009); United States v. American Target Advertising, Inc., 257 F.3d 348, 350 n.1 (4th Cir. 2000); United States v. Chevron, U.S.A., Inc., 186 F.3d 644, 647 (5th Cir. 1999); FDIC v. Garner, 126 F.3d 1138, 1142 (9th Cir. 1997).

CSG has not met its burden of demonstrating irreparable harm absent a stay of the court's order.

    3.    <u>Harm to Opposing Party</u>

Granting a stay of the court's order will adversely affect the Secretary's statutory authority to investigate these matters because continued delay would impede the Secretary's ability to investigate and enforce the FLSA. (<u>See also</u> Petitioner's Opp'n to Respondent's Motion to Stay (ECF No. 34) at 7-8 (setting forth specific harm).) This factor weighs in favor of the Secretary.

    4.    <u>Harm to the Public Interest</u>

The public's interest weighs in favor of denying CSG's motion for a stay. The public has an interest in ensuring that the Secretary's legitimate authority to investigate and enforce the FLSA is not thwarted or undermined.

CSG claims that the public has an interest in having its legal concerns heard by a court of law. Specifically, it asserts that it has been denied due process because this court has not reached

the merits of its claim that its partners are not covered by the FLSA. While coverage has yet to be addressed, CSG will have the opportunity to make its arguments if and when, upon the Secretary's conclusion of her investigation, the Secretary seeks to enforce the FLSA's provisions against CSG in district court. CSG's defense is not foreclosed.

The public interest emphasized by the Secretary outweighs the public interest emphasized by CSG.

**Conclusion**

CSG has not established that the second, third, and fourth factors "tip decidedly in its favor," so the court does not relax the "probability of success factor." FTC v. Mainstream Mktg., 345 F.3d 850, 852-53 (10th Cir. 2003). And, as held above, the likelihood of success on appeal is low. For these reasons, the court finds that CSG has not established its right to a stay of the court's order pending appeal.

**ORDER**

For the foregoing reasons, the Respondents' Motion for Stay of this Court's Order or Injunctive Relief Pending Appeal (ECF No. 28) is DENIED.

SO ORDERED this 20th day of April, 2012.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge